IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:93cr264

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| WILLIE DAVID BROWN, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Sentence Modification Pursuant to Title 18 U.S.C. § 3582(c)(2) (#221), which follows defendant's Motion to Withdraw Document (#216) that sought to disavow the court's appointment of counsel. In the earlier motion, defendant stated that court-appointed counsel filed the "Notice of Ineligibility" without his consent and that he was in the process of retaining his own counsel to represent his interests in the inquiry concerning whether Amendment 750 would provide him any relief. Apparently unable to obtain counsel, defendant filed the instant motion *pro se*.

The court has closely reviewed such motion and has construed all contentions in a light most favorable to the *pro se* defendant. In substance, defendant argues for a Crack II sentencing reduction on the following basis:

> Pursuant to those findings and as the case stands, the Petitioner asserts that his base offense level should be reduced to level 34 congruent to the drug amount 2.61 kilograms of cocaine base. The Petitioner arrived at this calculation by dividing the current factual finding of 14.5 kilograms

-1-

> of cocaine base by the [previous] 100 to 1 sentencing scheme, [then] calculating those findings by the current 18 to 1 findings. This in terms of sentencing, subjects the Petitioner to a term of 188 month[s] to 235 months for his drug quantities and activities under category III.

Motion (#221) at 2. In contrast to such argument, the Supplemental Presentence Report (#214) indicates that under Crack I (USSG Amend. 706) petitioner was not entitled to any relief as Amendment 706 provided no reduction for offenses, such as defendants, involving in excess of 4.5 kilograms of crack cocaine. Id. at 2. Similarly under Crack II, Amendment 750 provides defendant no relief because it "does not apply to offenses involving in excess of 8.4 kilograms of crack cocaine." SPSR (#214) at 2. Thus, defendant's misunderstanding is found in a belief that either Crack I or Crack II somehow lowered the amount of crack cocaine attributable to him, from 14.5 kilograms of cocaine base to 2.61 kilograms of cocaine base. In United States v. Bravo, 203 F.3d 778, 781 (11th Cir.2000), the Court of Appeals for the Eleventh Circuit held that when considering a § 3582(c)(2) motion, courts must apply " all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. This court cannot alter the original sentencing court's factual determinations, one of which was that defendant was responsible for 14.5 kilograms of cocaine base.

Amendment 750, effective November 1, 2011, made permanent an amendment lowering *the base offense levels* for certain quantities of cocaine base in U.S.S.G. § 2D1.1(c). See U.S.S.G.App. C, Amends. 748, 750. These amendments did not alter the

facts as to any case, but instead altered the Drug Quantity Table in § 2D1.1(c) so that a base offense level of 36 applies to cases involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(1). Being responsible for 14.5 kilograms of crack cocaine, Amendment 750 provides petitioner with no relief.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's *pro se* Motion for Sentence Modification Pursuant to Title 18 U.S.C. § 3582(c)(2) (#221) is **DENIED.**

Signed: December 28, 2012

Max O. Cogburn Jr.
United States District Judge