IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv849
[3:93cr264]

ANTOINE DEWAYNE WELLS,            )
                                  )
                  Petitioner,     )
                                  )
Vs.                               )     SCREENING ORDER
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                  Respondent.     )
                                  )

**THIS MATTER** is before the court on petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). In such motion, petitioner asserts the following contentions:

I. "Actual Innocence of Count 6 of the Indictment," Motion at 6;

II. "Ineffective Assistance of Counsel, Involuntary Plea as to Count 6 of the Indictment," id. at 8; and

III. "Ineffective Assistance of Counsel for Failing to Investigate My Psychiatric History and Learning Disorders," id. at 9.

On April 25, 1994, petitioner pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), unlawful use of fire and explosives in committing a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 844, 2 (Count Six), possession with intent to distribute an excess of 50 grams of cocaine base and aiding and

1

abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Eight), and unlawful distribution of in excess of 50 grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On August 29, 1994, petitioner was sentenced to 360 months imprisonment on each of Counts One, Eight and Nine, to run concurrently, five (5) years imprisonment on Count Two, to run consecutively with Counts One, Eight and Nine, and five (5) years imprisonment on Count Six, to run consecutively with Counts One, Two, Eight and Nine.

Petitioner filed a Notice of Appeal on August 31, 1994. On May 8, 1996, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment and dismissed petitioner's appeal. The judgment in this matter became final on August 6, 1996, when petitioner did not seek *certiorari* from the United States Supreme Court.1 On January 6, 1997, petitioner filed his first Motion to Vacate (#134), and on May 1, 1997, this court denied such motion. Order (#135).

Petitioner's previous § 2255 filing and this court resolution of that motion makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* (hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id.

---

1  In calculating the 12 months from the date on which the Judgment of Conviction becomes final, a conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 1998 WL 756928, *1 (4th Cir.1998)(unpublished; citations omitted). Inasmuch as the Judgment of United States Court of Appeals was entered May 8, 1996, the judgment became final 90 days later when petitioner failed to file a petition for *certiorari* with the United States Supreme Court. Rule 13 (1), Rules of the Supreme Court; Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir.2000) (noting that when no direct appeal was taken from the original judgment of conviction, the judgment of conviction became final when the time for filing a direct appeal expired).

> Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Thus, the merits of petitioner's claims cannot be considered by this court because petitioner failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing the second petition in this court.

**ORDER**

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that upon initial screening, petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice as a second or successive petition.

Signed: December 27, 2012

Max O. Cogburn Jr.
United States District Judge